## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Aaron A. Green, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint and arrest warrant for **SILVINO CEPEDA-ORTIZ**, date of birth XX/XX/1962, social security account number XXX-XX-3138, for corruptly soliciting and accepting two kickback payments of $5,000 in connection with his executive position as "Director de la Oficina de Tesoreria de la ACT" within the Puerto Rico Highway Authority (PRHA), in violation of Title 18, United States Code, § 666 (bribery concerning programs receiving federal funds).

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed since August 2009. I am currently assigned to the San Juan field office, where I investigate public corruption. Prior to this, I was assigned to the Oklahoma City field office, where I investigated violent gangs, criminal enterprises, bank robberies, white collar crime, to include corporate securities fraud, mortgage fraud, and bank fraud. I have participated in multiple public/political corruption investigations involving bribery of public officials, fraud against the government, money laundering, and conspiracy to commit the same. Further, I have specialized training and experience in the area of public/political corruption as a result of my job as a Special Agent and training received with the FBI.

3. As a Special Agent (SA), I am an investigative, law enforcement officer of the United States and am therefore empowered by the law to conduct investigations of and to make arrests for violations of federal law.

4.      I personally participated in this investigation leading to the information contained in this affidavit either through personal investigation or through discussions with other law enforcement personnel.  Because this affidavit is being offered for the limited purpose of obtaining a search warrant, I have set forth only those facts necessary to establish probable cause to support this request.  The facts in this affidavit come from my personal observations, training, experience, and information obtained from other agents and witnesses.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe **SILVINO CEPEDA-ORTIZ** corruptly solicited and accepted two kickback payments of $5,000 in connection with his executive position as "Director de la Oficina de Tesoreria de la ACT" within the Puerto Rico Highway Authority (PRHA), in violation of Title 18, United States Code, § 666 (bribery concerning programs receiving federal funds).

## PROBABLE CAUSE

1.      A Confidential Human Source (CHS#1), seeking consideration for potential charges, is the president of a liquid asphalt financier and supply company referred herein as Company #1.  Company #1 finances and supplies liquid asphalt to asphalt and concrete manufacturing companies, referred to herein as Company #2 and Company #3.  These three companies work together on a regular basis and are frequently contracted by PRHA.  As a common practice, PRHA Treasurer, **SILVINO CEPEDA-ORTIZ**, would issue checks payable to Company #2, which in turn, would issue company checks to Company #1 and Company #3.  **SILVINO CEPEDA-ORTIZ** would issue PRHA checks with insufficient funds to Company #2, to be funded at a later date.  Once **SILVINO CEPEDA-ORTIZ** funded the respective check,

Company #2 would deposit the check, and the remaining companies would be paid from the proceeds.

2. In September 2014, PRHA issued a check number 7020, for $1,983,931.93 to Company #2 for an invoice generated in July, 2013. An individual referred herein as Employee #3, an employee of Company #3, picked up the aforementioned check (7020) on behalf of Company #2 and met with **SILVINO CEPEDA-ORTIZ**. During this meeting, **SILVINO CEPEDA-ORTIZ** requested a payment of $10,000 in exchange for making funds available for check 7020.

3. Sometime before December 1, 2014, Check 7020 was subsequently deposited by Company #2 in its bank account, and Company #2 issued a check for approximately $800,000 to Company #1.

4. On December 1, 2014, at approximately 10:00 a.m., CHS#1 and Employee #3 went to the PRHA office of **SILVINO CEPEDA-ORTIZ** to discuss the $10,000 bribe payment. **SILVINO CEPEDA-ORTIZ** stated that the $1.9 million dollar PRHA payment in question did not have federal funds and was the responsibility of PRHA; thus, he took it upon himself to look for the money in order to fund the check, due to his close business relationship with the president of Company #2. **SILVINO CEPEDA-ORTIZ** stated that he waited, time passed, and nothing happened. CHS#1 stated his/her intention of effecting the bribe payment. **SILVINO CEPEDA-ORTIZ** advised that the delay would not damage their business relationship. CHS#1 paid **SILVINO CEPEDA-ORTIZ** $5,000 in cash and stated to him that CHS#1 would return on Wednesday, December 3, 2014 to pay **SILVINO CEPEDA-ORTIZ** the remaining half of the bribe payment ($5,000). This meeting was consensually recorded in audio and video. Agents

reviewed the recording, and were able to ascertain that **SILVINO CEPEDA-ORTIZ**'s office is an enclosed office space in the 7th floor of the Southern Building of Centro Gubernamental Minillas, located at De Diego Avenue, in San Juan, Puerto Rico. **SILVINO CEPEDA-ORTIZ**'s office's door is clearly marked with his name and title.

5. On December 3, 2014, at around 10:50am, as agreed upon previously, the CHS#1 and Employee #3 met with **SILVINO CEPEDA-ORTIZ** at the latter's office, where **SILVINO CEPEDA-ORTIZ** accepted and received $5,000 in cash, which was the balance of the previously agreed upon bribe payment amount. After the payment was made to **SILVINO CEPEDA-ORTIZ**, FBI agents appeared at his office and arrested **SILVINO CEPEDA-ORTIZ**, seizing from his person approximately $4,910 of the first bribe payment made to him on December 1, plus the $5,000 in cash that he received today.

6. Investigating agents have learned through U.S. Department of Transportation, Federal Highway Administration, that the Puerto Rico Highway and Transportation Authority, received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance, in a one year period, which commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.

## CONCLUSION

7. Based on my experience and training, I submit there is probable cause to believe **SILVINO CEPEDA-ORTIZ** corruptly solicited and accepted two bribe payments of $5,000, for a total of $10,000, in connection with his executive position as "Director de la Oficina de

Tesoreria de la ACT" within the Puerto Rico Highway Authority (PRHA), in violation of Title 18, United States Code, § 666 (bribery concerning programs receiving federal funds).

Respectfully,

_____
Aaron A. Green
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to before me on December 3, 2014

_____
SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE